IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CONSTANCE BARTON, KIMBERLY )
CLARK, WESLEY CLARK, TRACIE )
HUNT, ELEANOR WALTERS, KAREN )
MEREDITH, GILBERT BREEDEN, )
LACENTIA THOMPSON, MATHESIA )
PETERSON, and CHESTER )
CHARNESKI, on behalf of themselves )
and on behalf of classes of those )
similarly situated, )
 )
        Plaintiffs, )
 )
        v. )        1:04-CV-748
 )
THE PANTRY, INC., also doing )
business as, THE PANTRY, BIG K, )
CAMPUS STORE, CHARLESTON'S )
DEPOT, ETNA, EXPRESS STOP, )
FAST LANE, FOOD CHIEF, GOLDEN )
GALLON, HANDY WAY, )
KANGAROO, KANGAROO EXPRESS, )
LIL CHAMP FOOD STORE, )
MARKET EXPRESS, MINI MART, )
ON THE WAY, QUICK STOP )
SMOKERS EXPRESS, SPRINT, )
WICKER MART, ZIP MART, and by )
other names, )
 )
        Defendants. )
 )

MEMORANDUM OPINION

TILLEY, Chief Judge

    This case arises from a dispute between Plaintiffs, on behalf of themselves

and on behalf of classes of those similarly situated, and Defendant The Pantry, Inc.

("The Pantry") regarding Plaintiffs' compensation while employees at The Pantry.

It is currently before the Court on Defendant's Partial Motion to Dismiss [Doc. #12] which will be GRANTED in part and DENIED in part.

I.

The facts in the light most favorable to the Plaintiffs are as follows: The Pantry operates over 1,300 stores throughout the southeastern United States. About 300 of The Pantry's stores are located in North Carolina. Most of these stores are convenience stores operating under various names,[1] although some are also restaurants. In each store, The Panty employs a manager and four or more employees. These employees work as clerks, cashiers, and in other similar positions.

The Pantry has a company policy requiring its employees to record his/her time worked in The Pantry's computer time system. Specifically, each employee must record, on a computer document known as a "timecard," the time at which he/she reports to work and the time at which he/she stops working each day. These timecards are then reviewed by the manager of each store at the end of each week or pay period. The managers then enter the hours worked by that employee on a computer document known as a "timesheet." At the end of each week or pay period, an employees' timecard is reviewed with each employee to

---

[1] For example, The Pantry does business as Big K, Campus Store, Charleston's Depot, Etna, Express Stop, Fast Lane, Food Chief, Golden Gallon, Handy Way, Kangaroo, Kangaroo Express, Lil Champ Food Store, Market Express, Mini Mart, On The Way, Quick Stop, Smokers Express, Sprint, Whicker Mart, and Zip Mart.

ensure the actual hours worked.  The manager is then required to obtain the employee's signature on the timecard for filing with the company.

The individual Plaintiffs, as class representatives, were employed at various stores owned and operated by The Pantry.[2]  Plaintiffs alleged that The Pantry's store managers, with the knowledge and consent of corporate management, violated The Pantry's time-keeping policies and the law in the following ways: (1) by requiring employees to work "off the clock" on a regular basis without entering their time in The Pantry's time system; (2) by "routinely altering employees' time records by deleting, deducting or reducing actual hours worked and clocked or recorded by employees in the time system to stay under or within budget on labor costs;" and (3) by "failing to pay earned compensation for employees' work." (Am. Compl. ¶ 33.)  Plaintiffs also allege that The Pantry's corporate and intermediate managers pressured the store managers to take these actions through a system which offers formal or informal discipline if budgeted labor hours are exceeded and bonuses, raises, or other incentives if costs stay within the budgeted labor hours.

On or about July 13, 2004, Plaintiffs filed this action in the Superior Court of Forsyth County, North Carolina, alleging violations of the North Carolina Wage and Hour Act ("NCWHA"), N.C. Gen. Stat. § 95-25.1, *et seq*.  The Pantry

---

[2] All of the individual plaintiffs were employed at The Pantry stores located in North Carolina with the exception of Chester Charneski who was employed at a The Pantry store located in Orlando, Florida.

subsequently removed the case to federal court contending that Plaintiffs' claims were in substance federal claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [Doc. #1]. Plaintiffs' filed an Amended Complaint on July 15, 2005 [Doc. #10], in which they expressly asserted a separate claim alleging violations of the FLSA.[3] The Amended Complaint also added Chester Charneski as a party plaintiff.

On August 23, 2005, The Pantry filed the instant Motion to Dismiss requesting Plaintiffs' state law claims under the NCWHA and Plaintiffs' claims for alleged violations of statutory record-keeping provisions be dismissed for failure to state a claim upon which relief can be granted [Doc. #12]. Plaintiffs' Response in Opposition to the Motion to Dismiss [Doc. #15] and The Pantry's Reply [Doc. #17] were filed on September 15 and 30, 2005 respectively.

II.

The Pantry moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. A complaint can be dismissed for failure to state a claim under Rule 12(b)(6) only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); Old South Home Co. v. Keystone Realty Group, Inc., 233 F. Supp.

---

[3] Although Plaintiffs initially moved for remand on July 5, 2005, this motion was rendered moot by the Consent Order [Doc. #9] granting Plaintiffs' unopposed Motion to Amend Complaint.

4

2d 734, 735 (M.D.N.C. 2002). When evaluating the sufficiency of a complaint, the "well-pleaded allegations" in the complaint must be accepted as true, and inferences from those facts must be made in the plaintiff's favor. Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). Additionally, Rule 8 of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47 (quoting Fed. R. Civ. P. 8(a)(2)).

III.

The Pantry first contends that Plaintiffs' NCWHA claims should be dismissed pursuant to Rule 12(b)(6) because they arise under the FLSA. Fed. R. Civ. P. 12(b)(6). The Pantry contends that the NCWHA precludes Plaintiffs from bringing an action under both the NCWHA and the FLSA.[4] In support, The Pantry cites to NCWHA §95-25.14 which provides an exemption from the provisions of the NCWHA for persons covered by the FLSA. N.C. Gen. Stat. §95-25.14(a). Section 95-25.14(a) provides:

> The provisions of G.S. 95-25.3 (Minimum Wage), G.S. 95-25.4 (Overtime), and G.S. 95.25.5 (Youth Employment), and the provisions of G.S. 95.25.15(b) (Record Keeping) as they related to these

---

[4] It is well-established that the FLSA does not prohibit a state from enacting its own wage and hours standards that are more generous than the FLSA. See Zelaya v. J.M. Marcias, Inc., 999 F. Supp. 778, 781 (E.D.N.C. 1998) ("In fact, 29 U.S.C. § 218 permits states to set more stringent overtime provisions than the FLSA.").

5

exemptions, do not apply to:

(1) Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act. . . .

Id.

Plaintiffs agree that pursuant to § 95-25.14(a), their minimum wage and overtime compensation claims arise under the FLSA and are exempted from the NCWHA. However, the Plaintiffs assert that their claim for unpaid wages under § 95-25.6, although based on the same set of facts, is distinct from their FLSA claims. Specifically, Plaintiffs' claims assert that (1) under the FLSA, The Pantry failed to pay them minimum wage and any overtime compensation that was due for the deleted time, and (2) The Pantry failed to pay them earned wages in violation of the NCWHA wage payment provisions. See N.C. Gen Stat. § 95-25.6 ("Every employer shall pay every employee all wages and tips accruing to the employee on the regular payday.").[5] Given the liberal requirements of notice pleading, Plaintiffs have sufficiently stated a claim under NCWHA § 95-25.6 for unpaid wages. See Zelaya, 999 F. Supp. at 781 (finding Plaintiffs identification of

---

[5] Although Plaintiffs do not specifically make this claim, it appears that some of the employees may have been due more than minimum wage for the hours worked "off the clock" or deleted from the records. These amounts would not be covered by either their minimum wage or overtime compensation claims under the FLSA. C.f. Monahan v. County of Chesterfield, 95 F.3d 1263, 1284 (4th Cir. 1996) (holding in an analogous situation that an employee's claim for time worked between the normal scheduled and overtime threshold is not cognizable under the FLSA).

6

§§ 95-25.6 and 95.25.22(a) as grounds for relief were "just enough to place the [] defendants on notice that plaintiffs are seeking payment of earned wages which were not paid when they were due"). Additionally, because the exemption contained in §95-25.16 is specific to minimum wage and overtime claims, it does not preclude Plaintiffs' claim under § 95-25.6 of the NCWHA. See Zelaya, 999 F. Supp. at 781 (finding plaintiff's claim under NCWHA § 95-25.6 was not preempted by the FLSA); Whitehead v. Sparrow Enter., 605 S.E.2d 234, 237 (N.C. Ct. App. 2004) (holding plaintiff's claims for wage payment arising from N.C. Gen. Stat. § 95-25.6 was not a minimum wage or overtime compensation claim and therefore did not fall within the exemption provided by § 95-25.16). Thus, The Pantry's motion to dismiss this claim will be denied.

The Pantry's motion to dismiss Plaintiffs' claim under § 95-25.13 fails for the same reason. Plaintiffs allege that "The Pantry . . . violated the NCWHA . . . [b]y failing to provide lawful notice to the NCWHA Plaintiffs and other members of the NCWHA Class of its policies and practices or any change in its policies and practices concerning compensation in violation of N.C. Gen. Stat. § 95-25.13." (Am. Compl. 52.) Because this statement is sufficient to state a claim under § 95-25.13 of the NCWHA and that claim also does not fall under any of the exemptions specified in §95-25.14(a), The Pantry's motion to dismiss will be denied.

IV.

7

The Pantry next moves for dismissal of Plaintiffs' claims for alleged violations of statutory record-keeping provisions under both the NCWHA and the FLSA contending neither statute gives Plaintiffs a private cause of action for alleged statutory record-keeping violations.

Section 216(b) of the FLSA, provides that an employee may bring a private action against an employer for unpaid overtime or minimum wages. See 29 U.S.C. §216(b). However, this provision does not allow employees to bring actions, either for civil penalties, damages, or injunctive relief, for violations of the FLSA's record-keeping provisions. Rather, "authority to enforce the Act's record-keeping provisions is vested exclusively with the Secretary of Labor." Elwell v. Univ. Hosp. Home Care Serv., 276 F.3d 832, 843 (6th Cir. 2002) (citing 29 U.S.C. § 217 which authorizes the Secretary to initiate injunction proceedings to restrain any violation of 19 U.S.C. § 215, including 19 U.S.C. § 215(a)(5), which makes it unlawful for an employer to fail to comply with the record-keeping requirements of 29 U.S.C. § 211(c)); see also Powell v. Florida, 132 F.3d 677, 678 (11th Cir. 1998), cert. denied, 524 U.S. 916 (1998) (holding that the plain language of the Act provides that the Secretary has exclusive authority to bring actions for injunctive relief); Barrentine v. Arkansas-Best Freight Sys., Inc., 750 F.2d 47, 51 (8th Cir. 1984) (holding that, except as relating to child labor, the Secretary of Labor shall bring all injunction actions); Roberg v. Phillips Estate, 156 F.2d 958, 963 (2d Cir. 1946) ([T]he Administrator has exclusive authority to bring such an

8

[injunction] action"); Bowe v Judson C. Burns, Inc., 137 F.2d 37, 39 (3d Cir. 1943) ("We think it is plain from this language that the right of the administrator to bring an action for injunctive relief is an exclusive right.").

Similarly, although the NCWHA also makes employers responsible for keeping accurate records of the wages and hours of all employees, see N.C. General Statute § 95-25.15(b), the NCWHA does not provide a private right of action for employees to enforce alleged violations of its record-keeping provisions. Under § 95-25.22 an employee may recover for violations of "G.S. 95.25.3 (Minimum Wage), G.S. 95-25.4 (Overtime), or G.S. 95-25.6 through 95-25.12 (Wage Payment)." N.C. Gen. Stat. § 95-25.22. The record-keeping provisions located in § 95-25.15(b) are clearly not included in the right of action defined in § 95-25.22. Additionally, § 95-25.23A provides that violations of the record-keeping provisions in § 95-25.15(b) shall be prosecuted by the Commissioner or his authorized representative. N.C. Gen. Stat. § 95-25.23A. Thus, it is plain from the language of the NCWHA that it also does not provide a private right of action for Plaintiffs to enforce record-keeping provisions against The Pantry.

Because neither the FLSA or the NCWHA provide Plaintiffs the right to request injunctive relief for alleged record-keeping violations, these claims will be dismissed.

V.

For the foregoing reasons, The Pantry's Motion to Dismiss [Doc. #12] will be

9

DENIED as far as it requests dismissal of Plaintiffs' claims under NCWHA §§ 95-25.6 and 95-25.13 and will be GRANTED as far as it requests dismissal of Plaintiffs' claims under the FLSA and the NCWHA for alleged violations of statutory record-keeping provisions.

This the day of May 17, 2006

    /s/ N. Carlton Tilley, Jr.
United States District Judge