IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:04CV00748

| | | |
|---|---|---|
| CONSTANCE BARTON, KIMBERLY CLARK, WESLEY CLARK, TRACIE HUNT, ELEANOR WALTERS, KAREN MEREDITH, GILBERT BREEDEN, LACENTIA THOMPSON, and MATHESIA PETERSON, on behalf of themselves and on behalf of classes of those similarly situated, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | PLAINTIFFS' RULE 26(f) REPORT |
| v. | ) ) | |
| THE PANTRY, INC., *also doing business as*, THE PANTRY, BIG K, CAMPUS STORE, CHARLESTON'S, DEPOT, ETNA, EXPRESS STOP, FAST LANE, FOOD CHIEF, GOLDEN GALLON, HANDY WAY, KANGAROO, KANGAROO EXPRESS, LIL CHAMP FOOD STORE, MARKET EXPRESS, MINI MART, ON THE WAY, QUICK STOP, SMOKERS EXPRESS, SPRINT, WICKER MART, ZIP MART, and by other names, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

1. Pursuant to Federal Rules of Civil Procedure 26(f) and LR 16.1(b), an initial meeting was held by telephone on June 12, 2006, by J. Griffin Morgan, Ira Spiro and Charles Joseph, and Gregory Karasik, attorneys for the plaintiffs; and Carl N. Patterson, Jr., Heather Adams, R. Lawrence Ashe, Jr., and Tracey Barbaree, attorneys for the defendant. A second meeting was held by telephone on June 16, 2006, by J. Griffin Morgan, Robert M. Elliot, Ira Spiro and Gregory Karasik, attorneys for the plaintiffs; and Carl N. Patterson, Jr., Heather Adams, R. Lawrence Ashe, Jr., and Tracey Barbaree, attorneys for the defendant. A third meeting was held by telephone on June 20, 2006, by J. Griffin Morgan, Robert M. Elliot, Ira Spiro and Gregory Karasik, attorneys for the plaintiffs; and Carl N. Patterson, Jr., Heather Adams, R. Lawrence Ashe, Jr., and Tracey Barbaree, attorneys for the defendant.

2. **Discovery Plan.** The plaintiffs' propose to the Court the following discovery plan:

2.1 **Scope of Discovery**: Discovery will be needed on the subjects stated in subparagraphs (a) through (c) below, which state the subject matter of discovery but do not define or limit what specific discovery or discovery devices shall be permitted or precluded, and are subject to any protective order, and the right of any party to seek protective orders:

(a) Whether the FLSA claims asserted by plaintiffs on behalf of themselves and on behalf of the class(es) they seek to represent should be conditionally certified for collective action treatment and notice sent to the members of the class(es), and if so to whom;

(b) Whether class certification of Plaintiffs' NCWHA claims under Federal Rule of Civil Procedure Rule 23 is appropriate;

(c) The claims asserted by plaintiffs for themselves and for the class(es) they seek to represent, and the defenses asserted by defendants to those claims,

Discovery shall be placed on a case-management track established in LR 26.1. The plaintiffs propose that the appropriate plan for this case is that designated in LR 26.1(a) as: Exceptional.

2.2. **Time for Discovery**: The date for completion of preliminary discovery is: one year from the date of the Order of Approval of this plan. If the Court conditionally certifies plaintiffs' FLSA claims or certifies a class with respect to plaintiffs' NCWHA claims, the plaintiffs propose that additional discovery be allowed after any such ruling on matters in addition to the subjects above, and beyond the one year.

2.3 **Plaintiffs' Proposed Modifications:**

(a) The parties shall be permitted to take the number of depositions necessary to discover the facts of their claims and defenses, subject to any party's right to seek protective orders

(b) Subject to the right of any party to apply for protective orders: prior to filing a responsive brief in opposition to any certification or decertification motion, the opposing party shall be entitled to depose any affiant or declarant, expert or non-expert, upon whose affidavit or declaration the moving party relies in support of the motion; and prior to filing a reply brief on

2

any certification or decertification motion, the replying party shall be entitled to depose any affiant or declarant, expert or non-expert, upon whose affidavit or declaration the opposing party relies in opposition to the motion.

(c) Each side (the two sides are plaintiffs and defendant) shall be permitted to propound up to 50 interrogatories. The propounding of additional interrogatories shall be subject to obtaining leave of Court to do so.

(d) Each side (the two sides are plaintiffs and defendant) shall be permitted to propound up to 100 requests for admissions. The propounding of additional requests for admissions shall be subject to obtaining leave of Court to do so.

(e) The initial round of expert disclosures referred to in Federal Rule of Civil Procedure, Rule 26(a)(2)(C) shall be made by plaintiffs and defendant on or before 120 days before the first date set for trial. Disclosures under Rule 26(a)(2)(C) relating to expert testimony to rebut or contradict opposition expert evidence shall be made as provided in Rule 26(a)(2)(C), except the 30 days stated in that rule shall be 45 days.

(f) Supplementations under Rule 26(e) shall be made as provided in that rule.

### 3. Mediation.

Mediation should be conducted no later than 45 days after the Court has ruled on Plaintiffs' motion for FLSA conditional certification and on plaintiffs' motion for class certification under Federal Rule of Civil Procedure Rule 23, the exact date to be set by the mediator after consultation with the parties.

### 4. Preliminary Deposition Schedule.

Preliminarily, the plaintiffs propose the following schedule for depositions:

    (a) The parties will take depositions of fact witnesses through the initial stages of discovery;

    (b) The parties will take depositions of expert witnesses during the latter stages of discovery.

5.  **Initial Disclosures.**

The parties shall have two weeks from the date of the Court's Rule 26(f) Order to provide initial disclosures in compliance with Rule 26(a).

6.  **Motions.**

Plaintiffs shall file their motion for conditional certification of their FLSA claims on or before October 2, 2006, and their motion for class certification of their NCWHA claims on or before August 1, 2007. Defendant shall file its motion for decertification of the FLSA claims on or before August 1, 2007.

7.  **Amendment of the Pleadings**

The parties should be allowed until eight months after the commencement of discovery to request leave to join additional parties or to amend pleadings. After that date the Court will consider whether the granting of leave would delay trial.

8.  **Trial**

The plaintiffs cannot predict the anticipated length of any trial in view of the fact that it has not been determined whether there will be class certification under the FLSA or under Federal Rule of Civil Procedure Rule 23 at the time of trial.. A jury trial has been demanded. Plaintiffs propose that trial shall be scheduled for a date approximately six months after discovery is complete.

9.  **Other**

The parties have discussed special procedures for managing this case, including reference of the case to a magistrate judge on consent of the parties under 28 U.S.C. §636(c), or appointment of a master, and report that no such procedures are appropriate in this case.

Respectfully submitted, this the 22nd day of June, 2006.

        COUNSEL FOR PLAINTIFFS

/s/ J. Griffin Morgan
J. Griffin Morgan NC Bar No. 7240
Robert M. Elliott  NC Bar No. 7709
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston Salem, North Carolina 27101
Phone: (336) 724-2828
E-Mail: jgmorgan@epmlaw.com
E-Mail: rmelliot@epmlaw.com


Ira Spiro
Gregory N. Karasik
Spiro Moss Barness Harrison & Barge LLP
11377 W. Olympic Blvd., 5th Floor
Los Angeles CA 90064
(310) 235-2468

Charles Joseph
JOSEPH & HERZFELD, LLP
757 Third Avenue, 25th Floor
New York, New York 10017
(212) 688-5640

Attorneys for Plaintiffs and the Proposed Plaintiff Classes

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

K. Alan Parry
Kimberly Korando
Carl N. Patterson, Jr.
Kerry A. Shad
Donald H. Tucker, Jr.
Smith, Anderson, Blount, Dorsett,
 Mitchell & Jernigan, LLP
2500 Wachovia Capitol Center
Raleigh NC 27601


And, I hereby certify that I have **e-mailed** the document to the following non CM/ECF participants:

R. Lawrence Ashe, Jr. **via e-mail at: lawrenceashe@asherafuse.com**
Tracey T. Barbaree **via e-mal at: traceybarbaree@asherafuse.com**
Ashe, Rafuse & Hill, L.L.P.
1355 Peachtree Street, N.C.
Suite 500, South Tower
Atlanta GA 30309-3232

/s/ J. Griffin Morgan
J. Griffin Morgan NC Bar No. 7240
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston Salem, North Carolina 27101
Phone: (336) 724-2828
E-Mail: jgmorgan@epmlaw.com