IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **CONSTANCE BARTON, KIMBERLY CLARK, WESLEY CLARK, TRACIE HUNT, ELEANOR WALTERS, KAREN MEREDITH, GILBERT BREEDEN, LACENTIA THOMPSON, MATHESIA PETERSON, and CHESTER CHARNESKI on behalf of themselves and on behalf of classes of those similarly situated,** | ) ) ) ) ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **1:04CV00748** |
| v. | ) ) ) | |
| **THE PANTRY, INC.,** *also doing business as*, **THE PANTRY, BIG K, CAMPUS STORE, CHARLESTON'S, DEPOT, ETNA, EXPRESS STOP, FAST LANE, FOOD CHIEF, GOLDEN GALLON, HANDY WAY, KANGAROO, KANGAROO EXPRESS, LIL CHAMP FOOD STORE, MARKET EXPRESS, MINI MART, ON THE WAY, QUICK STOP, SMOKERS EXPRESS, SPRINT, WICKER MART, ZIP MART, and other names,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| **Defendant.** | | |

## ORDER ON PRETRIAL ISSUES

At the initial pretrial conference of June 26, 2006, the Court reviewed the Rule 26(f)

reports of the parties and heard the argument of counsel on pretrial issues. The Court advised

that it would, after further consideration and review, enter a written order resolving the major

disputes between the parties regarding case management. The parties would then be given additional time to determine if they could agree upon the details of a scheduling order, within the guidelines set by the Court in its written order. The initial pretrial conference will be reconvened on July 31 for entry of a final scheduling order by the Court if the parties are unable to file by that time a stipulated Rule 26(f) report, based upon this written order.

The Court directs a schedule whereby Plaintiffs must file by October 30, 2006, their motion for conditional certification of an FLSA collective action. Notice will be issued if there is a conditional certification. By March 28, 2007, Plaintiffs must file their motion for final certification of an FLSA collective action, and must also file their motion for class certification under Rule 23 of their NCWHA claims. Responses and replies are due within twenty and ten days, respectively. The initial discovery period, which opens now and runs through March 14, 2007, is defined in scope as follows: (1) whether the FLSA claims asserted by Plaintiffs on behalf of themselves and the class they seek to represent should be conditionally certified for collective action and notice sent to potential class members; (2) whether class certification of any class is appropriate under Rule 23; (3) Defendant's corporate policy and procedures regarding hours worked and payment for same; (4) the individual claims of the named Plaintiffs and defenses thereto; and (5) the names and addresses of potential class members in the FLSA collective action.

If either final certification of an FLSA collective action or class certification on NCWHA claims under Rule 23 is granted, the Court shall thereafter permit class-wide discovery as is appropriate.

It appears from the separate Rule 26(f) reports that the parties will likely be able to agree on many of the details regarding discovery of experts (Plaintiffs must identify experts first), discovery of declarants and affiants, and the amount of discovery permitted. If they are able to agree upon all matters, they shall file a joint Rule 26(f) report and need not appear on July 31. If they are unable to agree upon matters not already resolved herein by the Court's order, they shall file separate Rule 26(f) reports, and shall appear for a conference on July 31 at 9:30 a.m.

**IT IS SO ORDERED.**

                                         /s/ P. Trevor Sharp
                                    United States Magistrate Judge

Date: July 6, 2006