UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **CONSTANCE BARTON, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:04CV00748 |
| | ) | |
| **THE PANTRY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**O-R-D-E-R**

This matter came before the Court on August 28, 2006, for oral argument on Defendant's "Motion for Order Regarding Class Communications," filed August 3, 2006. *See* Pleading No. 35. Plaintiffs have filed an opposition to the motion, and Defendant has filed a reply. The motion is ready for a ruling.

In its motion, Defendant Pantry seeks an order that its disclosure during discovery of names and addresses of all potential FLSA collective class members be required only after (and if) this Court conditionally certifies an FLSA class. Defendant also asserts that "even if conditional certification is granted, Plaintiffs are not entitled to engage in unlimited and unsupervised communication with potential class members. Instead, the Court supervises the notice process." *See* Def.'s Mot. ¶ 5. Pantry's request regarding the timing of disclosure of names and addresses of putative FLSA collective action members is not made on a blank slate. The Court, in its Order on Pretrial Issues, filed July 6, 2006, ruled that the discovery

period was formally open and defined the scope of initial discovery to include "the names and addresses of potential class members in the FLSA collective action." *See* Order, at 2.

The Order on Pretrial Issues also established a schedule for determination of Plaintiffs' requests for collective action certification of FLSA claims and Rule 23 certification of state law claims. Plaintiffs must file by October 30 their motion for conditional certification under FLSA, and must file by March 28, 2007, their motion for final collective action certification of FLSA claims and Rule 23 certification of NCWHA claims. Responses and replies are due within twenty and ten days, respectively. The Court's expectation, in setting an early date (October 30) for Plaintiffs' motion for conditional FLSA certification, was that such a motion merits expedited consideration and an early ruling. The statute of limitations is running with regard to potential class members who may choose to opt in. Thus, the Court intends to move proceedings forward as rapidly as possible.

The need for rapid development of the case is the context within which the Court ordered that Plaintiffs may have discovery of the names and addresses of potential class members. The primary need of Plaintiffs for these names is so that Plaintiffs can, without unnecessary delay, arrange for court-approved notice to putative members as quickly as possible after a ruling by the Court (if there be such) that a collective class is conditionally certified. In other words, the Court intends that if a class is conditionally certified, notice should be given quickly, without any delay caused by the need for a discovery request launched at that time, and the consequent further delay that would be occasioned by

Defendant responding to the request and actually compiling the relevant names. The Court wants pertinent names to be immediately available if it conditionally certifies a class and approves notice.

Accordingly, the Court views Plaintiffs' request for names and addresses of putative class members to have been properly served at this time under the Order on Pretrial Issues. Defendant shall respond in writing concerning any legal objection to the request by September 11, 2006, the deadline as extended for responses to the first round of written discovery. Nonetheless, Defendant's actual production or disclosure of names and addresses is not due, except to the limited extent provided below, until the Court rules on Plaintiffs' anticipated motion for conditional certification of FLSA claims, and the required disclosure at that time will reflect the scope of any class certified.

The Court recognizes that the named Plaintiffs (including opt-ins to this date) have a present discovery need for the names of potential witnesses who may have information relevant to their individual claims. All but one of the currently named Plaintiffs (whose employments are identified in pleadings) have been employed in North Carolina stores operated by Defendant, and the Court orders that Defendant now (on September 11, when due under outstanding discovery requests) provide Plaintiffs with names and addresses of present and former employees (who worked during the relevant time period) at the North Carolina store, or stores, where the North Carolina Plaintiffs worked. Further, noting that the remaining named Plaintiff has been an employee of Defendant in Florida, the Court

directs that Defendant shall now provide Plaintiffs with names and address of present and former employees (who worked during the relevant time period) at the Florida store, or stores, where the Florida Plaintiff worked. The same order for September 11 disclosure is made with respect to current opt-in Plaintiffs, whose stores and locations of employment with Defendant have not been disclosed in papers before the Court.

Defendant Pantry also requests some limitation on communications by Plaintiffs' counsel with potential class members. The Court was advised at oral argument that Plaintiffs' counsel has already conducted a widespread advertising campaign to invite former and present non-exempt employees of Defendant Pantry to consult with Plaintiffs' counsel regarding joining this action. Defendant has not shown, however, that Plaintiffs' counsel have engaged in any improper action or inaccurate communication, and thus the Court has no occasion to limit counsel communications. *See generally Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101 (1981).

**IT IS SO ORDERED**.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: August 31, 2006