IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:04CV00748

| | |
|---|---|
| CONSTANCE BARTON, KIMBERLY CLARK, WESLEY CLARK, TRACIE HUNT, ELEANOR WALTERS, KAREN MEREDITH, GILBERT BREEDEN, LACENTIA THOMPSON, MATHESIA PETERSON, and CHESTER CHARNESKI on behalf of themselves and on behalf of classes of those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> THE PANTRY, INC., *also doing business as*, THE PANTRY, BIG K, CAMPUS STORE, CHARLESTON'S, DEPOT, ETNA, EXPRESS STOP, FAST LANE, FOOD CHIEF, GOLDEN GALLON, HANDY WAY, KANGAROO, KANGAROO EXPRESS, LIL CHAMP FOOD STORE, MARKET EXPRESS, MINI MART, ON THE WAY, QUICK STOP, SMOKERS EXPRESS, SPRINT, WICKER MART, ZIP MART, and other names, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CONSENT PROTECTIVE ORDER |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon motion by and with the consent of the parties, and it appearing that discovery in this action will involve the production of information that one or more parties contend is confidential or proprietary, and that good cause exists for the entry of an Order protecting the disclosure of such information;

**IT IS THEREFORE ORDERED** that:

1

1. <u>Definition of Confidential Information.</u> "Confidential Information" as used herein means (a) all medical, psychological or other physical or mental health related records; (b) any documents or information of whatever description which are contained in any personnel file maintained by any party; and (c) all proprietary, financial or other commercially sensitive information, whether documentary or otherwise, which is non-public and otherwise treated by a party as confidential; which are designated as "confidential" and delivered, produced or disclosed by any party in this action in response to an interrogatory, a request for production of documents, a deposition question or otherwise. Further, the term "Confidential Information" shall also include any and all documents in the possession of any party which are the property of another party or were obtained from another party or a third-person by way of an employment relationship with a party or otherwise and which are designated as "confidential" by any party. The designation of documents or information as "Confidential Information" shall not be conclusive for purposes of the substantive issues in this case.

2. <u>Non-Disclosure and Designation of Confidential Information.</u> All documents and information which fall within the definition of "Confidential Information" set forth above shall be treated as confidential and the use or disclosure of such documents or information shall be governed by the terms of this Protective Order, provided that any party designates such documents or information as "confidential" at the time of production or disclosure, or if previously produced or disclosed, within fifteen (15) days following the date of this Order.

3. <u>Restrictions On Use and Permissible Disclosures.</u> Confidential Information, as defined above, including copies or summaries thereof, shall be used only for the prosecution or defense of this action (including, but not limited to, any mediation, arbitration, or other settlement process, as well as appeals of this action) and shall not be used or employed for any

2

other purpose whatsoever. Confidential Information shall not be disclosed or made available to anyone except:

    a.    the Court;

    b.    the parties to this action and officers, directors or employees of the parties who are actively participating in the prosecution or defense of this action;

    c.    counsel for the parties to this action and employees of said counsel;

    d.    experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

    e.    third-party witnesses or potential witnesses whom counsel reasonably deem necessary for the preparation and trial of this action; and

    f.    court reporters or videographers engaged to record depositions, hearings or trials in this action.

Provided, however, that access to Confidential Information may be further restricted by designating the Confidential Information "Attorneys' Eyes Only" in which case the Confidential Information may be disclosed only to the persons set forth in subparagraphs (a), (c), (d) and (f) above. Before making any such "Attorneys' Eyes Only" designations, counsel for the party who intends to make such designations shall confer with counsel for the other parties and explain the basis for making such designations.

    4.    <u>Procedure for Permissible Disclosures.</u>  Disclosure of Confidential Information (including but not limited to "Attorneys' Eyes Only" information) pursuant to this Order shall be handled as follows:

a. Any person described in subparagraphs 3(a), (b), (c) and (f) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

b. Before Confidential Information is disclosed to any person set forth in subparagraphs 3(d) and (e) of this Order, the party disclosing the Confidential Information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used for the purposes of the prosecution or defense of this action only and that said person shall be bound by the terms of this Order and shall execute an Agreement to be Bound by the Confidentiality and Protective Order (Exhibit A);

c. As long as Confidential Information is handled in accordance with this Order, this Order shall not be construed as prohibiting or restricting the use of Confidential Information during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, or discoverability any Confidential Information in connection with any proceeding in this action.

5. <u>Confidential Information at Hearings.</u> Confidential Information in support of any motion may be presented to the presiding judge so long as it is filed under seal pursuant to the provisions of paragraph 7 herein.

6. <u>Subpoena by Other Court or Agencies.</u> If another court or an administrative agency subpoenas or orders production of Confidential Information which a party has obtained under the terms of this Order, such party shall promptly notify the party or other person who designated the Confidential Information of the pendency of such subpoena or order. Such notification shall take place as soon as practicable and in advance of the date on which the

Confidential Information is sought, and in sufficient time for the party who designated the Confidential Information to object or move to quash the subpoena or order.

7. <u>Filing Confidential Information.</u>  Any Confidential Information which is filed with the Court (in any form whatsoever) shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title in this action, an indication of the nature and contents thereof, the legend "Confidential" and a statement substantially in the following form:

> "This envelope is sealed pursuant to an order of the Court and contains confidential information and is not to be opened or the contents thereof to be displayed or revealed by any person other than the Court or the attorneys for the parties except by order of the Court or pursuant to stipulation of the parties to this action."

8. <u>Designation of Confidential Information in Depositions.</u>

a. Parties (and deponents) may, either during the deposition or within fifteen (15) days after receiving a transcript of a deposition taken after the entry of this Order, designate pages of the transcript (and exhibits thereto) as "confidential" or "Attorneys' Eyes Only" by giving notice of such designation to counsel for all other parties.  Further, if it otherwise meets the definition of "Confidential Information" set forth in paragraph 1 hereof entire deposition transcripts may be designated "confidential" by giving notice of such designation in writing to counsel for all other parties.  Until expiration of the fifteen-day period, the entire deposition will be treated as subject to protection against disclosure under this Order.  If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be treated as Confidential Information hereunder.

b. Additionally, parties (and deponents) may, within fifteen (15) days of the entry by the Court of this Order, designate pages of depositions, deposition exhibits and/or entire depositions previously taken in this action as confidential by following the procedure set forth in subparagraph (a), above. Until expiration of the fifteen-day period, all such depositions will be treated as subject to protection against disclosure under this Order. If no party or deponent timely designates Confidential Information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be treated as Confidential Information hereunder.

9. <u>Disclosure Upon Written Consent of Parties.</u> Nothing in this Order shall prevent the disclosure of Confidential Information beyond the terms of this Order if the party that produced the information consents in advance in writing.

10. <u>Declassification.</u> If any party hereto disagrees with the designation of any discovery materials as confidential or "Attorneys' Eyes Only", counsel shall attempt to resolve the disagreement on an informal basis. If it is necessary to present the dispute to the Court for resolution, the material in question shall continue to be treated as confidential under the terms of this Order unless and until the Court issues a final ruling that the material is not of the designated nature.

11. <u>Client Consultation.</u> Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients in this action and, in the course thereof, relying generally on the examination of Confidential Information; provided, however that in rendering such advice and otherwise, "Attorneys' Eyes Only" information will not be disclosed or made available to such clients.

12. <u>Use.</u>  Persons obtaining access to Confidential Information under this Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings.

13. <u>Non-Termination.</u>  The provisions of this Order shall not terminate at the conclusion of these actions.  Within sixty (60) days after final conclusion of all aspects of this litigation, Confidential Information and all copies of same (other than exhibits of record, but including copies provided to witnesses, court reporters and others) shall be returned to the party or person which produced such Confidential Information or, at the option of the producer (if it retains at least one copy of the same), destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party who produced the Confidential Information no more than ninety (90) days after final termination of this litigation.

14. <u>Modification Permitted.</u>  Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

15. <u>Responsibility of Attorneys.</u>  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information.  Parties shall not duplicate any Confidential Information except working copies and for filing in Court under seal.

16. <u>Waiver.</u>

a. Review of the Confidential Information and information by counsel, experts, or consultants for the litigants in this litigation shall not waive the confidentiality of documents or objections to production.

b. The inadvertent, unintentional, or in camera disclosure of Confidential Information shall not, under any circumstances be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

17. <u>Reservation of Rights.</u> Nothing contained in this Confidentiality and Protective Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any Confidential Information.

This the _____ day of October, 2006.

_____
United States Magistrate Judge P. Trevor Sharp

CONSENTED TO:

                                COUNSEL FOR PLAINTIFFS

                                /s/ Robert M. Elliot_____
J. Griffin Morgan
N.C. State Bar No. 77240
Robert M. Elliot
N.C. State Bar No. 7709
Elliot Pishko Morgan, P.A.
426 Old Salem Road
Winston-Salem, NC 27101
(336) 724-2828

                                COUNSEL FOR DEFENDANT

                                /s/ Carl N. Patterson, Jr.
Carl N. Patterson, Jr.
N.C. State Bar No. 7260
Donald H. Tucker
N.C. State Bar No. 12578
Kimberly Korando
N.C. State Bar No. 13573
Heather Adams
N.C. State Bar No. 25239
Smith, Anderson, Blount, Dorsett,
Mitchell & Jernigan, LLP
2500 Wachovia Capitol Center
Raleigh NC 27601
(919)821-1220

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No: 1:04CV00748

| | |
|---|---|
| CONSTANCE BARTON, KIMBERLY CLARK, WESLEY CLARK, TRACIE HUNT, ELEANOR WALTERS, KAREN MEREDITH, GILBERT BREEDEN, LACENTIA THOMPSON, MATHESIA PETERSON, and CHESTER CHARNESKI on behalf of themselves and on behalf of classes of those similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>THE PANTRY, INC., *also doing business as*, THE PANTRY, BIG K, CAMPUS STORE, CHARLESTON'S, DEPOT, ETNA, EXPRESS STOP, FAST LANE, FOOD CHIEF, GOLDEN GALLON, HANDY WAY, KANGAROO, KANGAROO EXPRESS, LIL CHAMP FOOD STORE, MARKET EXPRESS, MINI MART, ON THE WAY, QUICK STOP, SMOKERS EXPRESS, SPRINT, WICKER MART, ZIP MART, and other names,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **AGREEMENT TO BE BOUND BY**<br>  **CONSENT PROTECTIVE ORDER** |

_____

      The undersigned hereby acknowledges that he/she has read the Consent Protective Order (the "Order") entered in the captioned action (a copy of which is attached hereto) and that he/she:

      a.    has read and understands the Order and agrees to be bound by the terms of the Order; and

      b.    understands that unauthorized disclosures of the confidential documents or information identified in the Order constitutes a violation of the Order, which can result in sanctions against the undersigned for contempt of Court.

_____
Signature

_____
Date

_____

_____

_____
Printed Name and Address

11